IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OWAYNE EVERTON RUSSELL, <br> #A044 857 107 | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. RDB-09-2075 |
| JACK KAVANAUGH | * | |
| Respondent. | | |
| | *** | |

## MEMORANDUM OPINION

This counseled 28 U.S.C. § 2241 petition for habeas corpus relief was filed on August 6, 2009. Petitioner alleges that he is a native of Jamaica who entered the United States in March of 1996. He claims that he has been detained in Immigration and Customs Enforcement ("ICE") custody since December of 2008 and received a final order of deportation on February 5, 2009. Petitioner claims that despite his cooperation, ICE has been unable to deport him to Jamaica and "without intervention from the Court, the Petitioner will face continued indefinite detention, possibly for several years or even the remainder of his nature life." (Paper No. 1).

Petitioner challenges his continued post-removal-order detention under 8 U.S.C. §1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001) and seeks release from ICE confinement. As this district court has jurisdiction over such a challenge, on August 10, 2009, Respondent was directed to file a response. (Paper No. 2). Respondent filed a Response and Notice of Intention to Remove on August 17, 2009. (Paper No. 3). Upon review of the papers filed, the Court finds an oral hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2008). For reasons to follow the Petition shall be denied.

Background

Respondent states that Petitioner is a native and citizen of Jamaica who was admitted to the United States as a Lawful Permanent Resident in 1996. In September of 2008, he was convicted in the Circuit Court for Cecil County of conspiracy to possess with intent to distribute a controlled substance. (Paper No. 3, Ex. A). On December 9, 2008, Petitioner was served with a Notice to Appear on charges of deportability as an "alien convicted of violating any law relating to a controlled substance," in violation of 8 U.S.C. § 1227(a)(2)(B)(i). (*Id.*). On February 5, 2009, an Immigration Judge ("IJ") ordered Petitioner's removal to Jamaica.

Respondent states that Petitioner's removal from the United States has been scheduled for August 27, 2009.[1] The Jamaican Consulate has been advised of Petitioner's removal date and has agreed to issue the travel document necessary to effect his removal. (*Id.*).

Standard of Review

The only issue pending before this district court concerns the reasonableness of Petitioner's continued post-removal-order detention. After a removal order becomes final, the United States Immigration and Customs Enforcement ("ICE") must detain the alien until he is removed for up to ninety days (the "removal period"). *See* 8 U.S.C. § 1231(a)(2). Although § 1231(a)(6) appears to authorize discretionary indefinite detention of a removable alien beyond such period, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under 8 U.S.C § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit

---

[1]    Respondent states that Petitioner will be transported out of Maryland to an ICE transportation staging area prior to his August 27, 2009 removal.

indefinite detention.[2]  In sum, the Court found that after an order of deportation became final, an alien may be held for a six-month period.  After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700.   The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id*. at 697-99.   In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose.  *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable).  *Zadvydas* holds that post-removal-order detention under 8 U.S.C. § 1231(a)(6) does not authorize the Attorney General to detain an alien indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas,* 533 U.S. at 689.  After six months of post-removal-order detention, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut

---

[2]  The Government in *Zadvydas* argued that indefinite detention was permitted by the statute. *See Zadvydas*, 533 U.S. at 690-91.  The Supreme Court explicitly disagreed. *Id.; accord, e.g., Ly v. Hansen,* 351 F.3d 263, 269 (6th Cir. 2003) ("While it is true that a removable alien has no right to be in the country, it does not mean that he has no right to be at liberty.  *Zadvydas* established that deportable aliens, even those who had already been ordered removed, possess a substantive Fifth Amendment liberty interest, and that the interest was violated by indefinite detention.").

that showing." *Id*. at 700-01. If the Government response fails, the petitioner may be entitled to release from detention. *Id*.

## Analysis

Petitioner has the burden of proving that removal is not likely to occur in the reasonably foreseeable future. Upon a showing that removal is not likely to occur, Respondent must produce evidence to rebut that showing. Respondent has satisfied this shifting burden. Petitioner has been detained in post-removal order custody for approximately five months. Respondent has indicated that Petitioner's removal is to occur within the next two weeks and there are no alleged impediments to his deportation. As Petitioner's repatriation appears not only foreseeable but imminent, it is clear that his current detention pending removal does not violate his liberty interest. *See Talledo-Acosta v. Gonzales*, 2007 WL 708877, at *1 (D. N.J. 2007) (alien does not meet burden under *Zadvydas* where deportation appears imminent); *see also Darwishahmed v. Warden Federal Detention Center Oakdale*, 2008 WL 4450276 (W. D. La. 2008).

## Conclusion

This Court will dismiss the Petition for Writ of Habeas Corpus. A separate Order follows.

Date: <u>August 18, 2009</u>      /s/_____
                                   RICHARD D. BENNETT
                                   UNITED STATES DISTRICT JUDGE